UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Safety Today, Inc.,

      Plaintiff,

-v-                                        Case No. 2:12–cv–510

Susan Roy, *et al.*,                   Judge Michael H. Watson

      Defendants.

## OPINION AND ORDER

Plaintiff alleges Defendants violated the Ohio Trade Secrets Act, Ohio Revised Code § 1333.61; breached the duties of good faith and loyalty; and converted Plaintiff's property when Defendants took allegedly confidential information from Plaintiff to benefit their new employer. Defendants move to dismiss for lack of personal jurisdiction or in the alternative to transfer venue, ECF No. 6. For the reasons stated below, the Court denies Defendants' motion.

## I. FACTS[1]

Safety Today, Inc. ("Safety Today" or "Plaintiff"), a safety equipment and services distributor incorporated in Delaware with its principal place of business in Ohio, brought this action against two former employees, Connecticut-based Susan Roy ("Roy") and Massachusetts-based Joanne Brady ("Brady") (collectively "Defendants").

Safety Today is a safety equipment and services distributor with a focus on the

---

[1] The following facts are derived from the complaint and the uncontested facts contained in the affidavit of Tony Spearing ("Spearing") which is attached to Plaintiff's response. Spearing is the Vice President of Safety Today and attests that he has personal knowledge of "some, but not all of the facts set forth" in the affidavit but that all the information has been provided to him by someone with personal knowledge. Defendants specifically contest that some of the facts are untrue, however, the facts that Defendants challenge are not essential to this Court's analysis and therefore the affidavit will be relied on to the extent it is uncontested.

glass, metalworking and equipment manufacturing, automotive, cruise line, and food processing sectors.

Defendants are former Safety Today employees. Roy is a resident of Connecticut and former top sales specialist for Safety Today. Roy attended training and strategic sales meetings in Ohio once per year and at least once in 2012.

Brady is a resident of Massachusetts. While employed by Safety Today, Brady supported Roy in a customer service position. Brady visited Ohio in 2005 for her initial employment orientation and in 2010 for computer training. Spearing Aff. ¶ 6; Brady Second Decl. ¶ 3. Both defendants were paid by the company in Ohio. Spearing Aff. ¶ 7.

On April 23, 2012, Brady and Roy resigned from Safety Today and soon after both took jobs at Safeware. In her exit interview, Brady said she would be aggressive and take clients with her. Compl. ¶ 37–38, ECF No. 2.

Shortly after Brady and Roy resigned, Safety Today discovered that the former employees had accessed and copied confidential information from Safety Today's email and computer servers, which are located in Ohio. Spearing Aff. ¶ 11. Roy emailed over 200 Safety Today files to her personal e-mail account and accessed several customer-related files containing confidential information. Compl. ¶¶ 42–44. Roy also took several CDs and a spreadsheet containing confidential information from Safety Today. *Id.* ¶ 47, 48.

Additionally, on May 3, 2012, Brady accessed a confidential customer-related document and sent it from her personal e-mail account to Roy's Safeware e-mail

account.[2]  Roy forwarded this document to two Safeware employees.

On June 3, 2012, Plaintiff filed this action in the Franklin County Court of Common Pleas along with a motion for a temporary restraining order and a request for a preliminary injunction.  On June 11, Defendants removed this case to this Court under its diversity jurisdiction.

## II. MOTION TO DISMISS

### A. Standard of Review

Plaintiff moves to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  Plaintiff bears the burden of establishing this Court's personal jurisdiction over Defendants. *Mich. Nat'l Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 466 (6th Cir. 1989).  This burden, however, is "slight." *Coast to Coast Health Care Services, Inc. v. Meyerhoffer*, 2:10–cv–734, 2012 WL 169963, at *3 (S.D. Ohio Jan. 19, 2012).  In deciding whether personal jurisdiction exists, a court has discretion to hold a hearing or rely on the affidavits and factual allegations in the pleadings. *Id.*  If no hearing is held, the plaintiff need only make a prima facie showing. *Theunissen v. Mathews*, 935 F.2d 1454, 1458 (6th Cir. 1991).  Here, neither party has requested a hearing, and therefore the Court will decide the motion on the submissions of the parties and requires only a prima facie showing of jurisdiction.[3]

---

[2] The parties dispute whether Brady took the information she sent to Roy from the Ohio server or not.  Although the facts are considered in the light most favorable to Plaintiff, Spearing's affidavit is not completely based on personal knowledge, and therefore the Court cannot completely rely on his assertion that the information taken was from the server.  This fact is not essential to the Court's holding.

[3] In their reply, Defendants request a hearing only to the extent the Court relies on Spearings' misrepresentations that are not based on personal knowledge.  As the Court disregards all of the contested facts as non-essential to its holding, the hearing request is moot.

## B. Discussion

In a diversity action such as the instant case, this Court uses a two-step analysis to determine whether this Court has personal jurisdiction over a defendant. *Gerber v. Riordan*, 649 F.3d 514, 517 (6th Cir. 2011). An exercise of personal jurisdiction over Roy and Brady is valid only if it meets both the Ohio long-arm statute and constitutional due process requirements. *Id.*

### 1. The Ohio Long Arm Statute

Plaintiff argues that jurisdiction is proper under Ohio's Long Arm Statute Ohio Revised Code § 2307.382(A) sections 1, 3, 4, and 6, which provide:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) Transacting business in this state;
> . . .
> (3) Causing tortious injury by an act or omission in this state;
> (4) Causing tortious injury by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> . . .
> (6) Causing tortious injury in this state to any person by an act or omission outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state.

Ohio Rev. Code § 2307.382.

Without deciding the applicability of each provision, personal jurisdiction over Defendants is proper under Ohio Revised Code § 2307.382(A)(6). Although Defendants acted outside of the state of Ohio, they caused tortious injury in Ohio by injuring Safety Today, which is based in Grove City, Ohio. Taking the Plaintiff's allegations as true, Defendants both misused Plaintiff's trade secrets and converted

Plaintiff's property, which are both tortious injuries. Such acts cause loss in Ohio when the company is based here. *Coast to Coast Health Care Services*, 2012 WL 169963, at *3. It is evident that Defendants acted with the purpose of injuring Safety Today because when Roy left, she informed Safety Today that she would be aggressive and would take her clients with her. Furthermore, Defendants could reasonably have expected that injury would occur in Ohio by taking the customer lists and confidential information of their Ohio based employer.

Similar facts in front of this Court have resulted in similar holdings. For example, in *Coast to Coast Health Care Services v. Meyerhoffer*, the Court upheld personal jurisdiction where the defendant had caused harm in Ohio by using the plaintiff's national client lists, prospective client lists, and independent contractor list to start a competitive business and had begun contacting those clients. 2012 WL 169963, at *3. The cases Defendants cite are distinguishable because in each instance, the courts found the harm was located outside of Ohio or did not consider the location of the harm in relation to the Ohio Long Arm statute. *See, e.g., Calphalon Corp. v. Rowlette*, 228 F.3d 718 (6th Cir. 2000) (non-payment of contractor in Michigan); *Ohio Nat'l Life Assur. Corp. v. Shippy*, No. 1:06–cv–110, 2007 WL 490169 (S.D. Ohio 2007) (not considering long arm statute); *Apex Energy Solutions of Cincinnati LLC v. Apex Energy Solutions of Indiana*, No. 1:10–cv–106, 2010 WL 4642902, at *6 (pointing out plaintiffs did not allege conversion of property). In contrast, the harm in the case sub judice was located in Ohio because Safety Today is here. Accordingly, Defendants are properly subject to personal jurisdiction in Ohio under Ohio Revised Code § 2307.382(A)(6).

## 2. The Due Process Clause

The Court may exercise personal jurisdiction over a non-resident defendant based on either specific or general jurisdiction. *See Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002). "General jurisdiction is proper only where 'a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state.'" *Id.* (quoting *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)). In contrast, specific jurisdiction is proper under circumstances "where a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Id.* at 874 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). Specific jurisdiction is applicable here.

The Sixth Circuit has established a three-part test to determine whether specific personal jurisdiction exists over a non-resident defendant:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Air Prods. & Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 550 (6th Cir. 2007) (quoting *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F. 2d 374, 381 (6th Cir. 1968)). All three prongs of the *Southern Machine* test must be established for the Court to exercise specific jurisdiction. *Intera Corp. v. Henderson*, 428 F.3d 605, 619 (6th Cir. 2005).

To satisfy the first prong of the *Southern Machine* test, Defendants must have "purposefully availed" themselves of acting or causing a consequence in Ohio and created a "substantial connection" with the forum state such that the defendants "should reasonably anticipate being haled into court there." *See S. Mach.*, 401 F.2d at 381; *CompuServe Inc.*, 89 F.3d at 1263 (quoting *Burger King*, 471 U.S. 474–75 (1985)). The purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 475 (internal quotation marks and citations omitted).

Defendants have purposefully availed themselves of Ohio by causing a consequence here, namely injuring Safety Today, an Ohio business. Rather than being a random connection, Defendants were employees of Safety Today, an Ohio-based corporation. Defendants both directed actions towards and received benefits from Ohio, *i.e.*, meetings in and payment from Ohio. Although the cases Defendants cite stand for the proposition that under some circumstances, a business relationship is not enough to confer personal jurisdiction over an independent contractor, here Defendants were employees with ties to Ohio's business above and beyond a contract. See *Calphalon Corp.*, 228 F.3d 718 (breach of contract with independent contractor); *Ohio Nat'l life Assur. Corp.*, 2007 WL 490169 (considering jurisdiction over president of contracting company); *Apex Energy Solutions of Cincinnati LLC*, 2010 WL 4642902 (considering jurisdiction over independent contractor).

Under the second part of the *Southern Machine* test, the cause of action must "arise from" the defendant's activities in the forum state. *See Air Prods. Controls Inc.*,

503 F.3d at 553. Defendants' conduct is directly related to their employment relationship with Safety Today which in turn is a precursor to the harm Defendants allegedly did to Safety Today.

Finally, since the first two prongs of the *Southern Machine* test are met, there is an inference that jurisdiction is reasonable. *See Intera Corp.*, 428 F.3d at 618. Still in considering whether the exercise of jurisdiction is reasonable courts look to (1) the burden on the defendant, (2) the interest of the forum state, (3) the plaintiff's interest in obtaining relief, and (4) other states' interest in securing the most efficient resolution of the policy. *Coast to Coast Health Care Services*, 2012 WL 169963, at *5.

In the case sub judice, the Defendants' burden of litigating in a forum far from home is outweighed by Ohio's interest in handling matters which affect a business based in Ohio. In addition, Plaintiff has sued for violations of Ohio law with which this Court has expertise. This increases Ohio's interest in the case and indicates resolution by this Court is the most efficient way to proceed. Although Defendants suggest Connecticut or Massachusetts law would be applicable under Ohio's choice of law statute, that is far from certain. Finally, Plaintiff's desire for a speedy resolution, evidenced by its motions for a temporary restraining order and a preliminary injunction, weigh in favor of resolution in this Court. Therefore, jurisdiction over Defendants is reasonable.

Accordingly, personal jurisdiction over Defendants meets all the requirements of due process. For these reasons, the Court **DENIES** Defendants' motion to dismiss for lack of personal jurisdiction.

Defendants move to dismiss for improper venue as well. "An action may be

brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(a). Venue is proper here because "a substantial part of property that is the subject of the action is situated" in this district in the form of Safety Today's operations and server. Defendants' motion to dismiss for improper venue is **DENIED**.

## IV. MOTION TO TRANSFER

Pursuant to 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A decision to transfer venue is made "on a individual basis by considering convenience and fairness." *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531, 537 (6th Cir. 2002). It is the burden of the moving party to show why the action should be transferred, and the plaintiff's choice of forum must be given considerable weight. *Sky Tech. Partners, LLC v. Midwest Research Institute*, 125 F. Supp. 2d 286, 291 (S.D. Ohio 2000).

For a change of venue to be appropriate, the balance of convenience must weigh heavily in favor of the transfer; 28 U.S. § 1404(a) is not intended to shift an action to a forum likely to prove equally convenient or inconvenient. *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964). "In ruling on a motion to transfer under § 1404(a), a

district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systematic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).

Defendants first argue Plaintiff's choice of forum should not be given controlling weight because the case was removed to federal court. Defendants are correct that removal gives the Plaintiff's choice of forum less weight. *Jamhour v. Scottsdale*, 211 F. Supp. 2d 941, 947 (S.D. Ohio 2002). It does, however, remain a factor.

Defendants next argue the District of Connecticut would be a more convenient forum for the parties and potential witnesses. Roy lives in Connecticut. Brady lives in Massachusetts. Defendants submit that it may call Safeware employees and Safety Today customers to testify and that all of those potential witnesses reside in the New England area. Plaintiff counters that its employee witnesses, including Defendants' supervisors, live in Ohio. Even though the Plaintiff's witnesses are its own employees, it still presents a burden on them to travel to New England. Accordingly, the potential witnesses neutralize each other.

Defendants also argue that they may not be able to compel the attendance of all of their witnesses because upon a timely motion by the non-party witness, a court must quash a subpoena if it requires the non-party to travel more than 100 miles to attend trial. Fed. R. Civ. P. 45(c)(3). Plaintiff points out that the depositions of these witnesses can be introduced at trial. Fed. R. Civ. P. 32(a)(4)(B). In addition, it is not certain the Defendants' witnesses would move to quash instead of agreeing to testify.

Accordingly, the possibility that a witness may be unavailable at trial will not diminish Defendants' defense.

Next, Defendants state Connecticut has an interest in the dispute because it has an interest in its resident's ability to work, most of the events occurred in Connecticut, Connecticut courts would be responsible for enforcement of any injunction, and Connecticut or Massachusetts law will be applied. Plaintiff responds that Ohio has an interest in adjudicating disputes that affect businesses which operate in its borders, most of the events occurred and the harm was done in Ohio, and Ohio law will be applied.

Both states clearly have an interest in this dispute. But it cannot be said that Connecticut has a greater interest which would weigh against the presumption against transfer. Both economies are affected by the dispute and both have people or corporations to protect.

It is difficult to locate the actions giving rise to this controversy solely in either state. While the physical act of Defendants emailing themselves allegedly confidential information occurred in Connecticut and Massachusetts, the harm to Safety Today was a harm in Ohio. Therefore, neither state has a greater interest in the dispute on this basis.

Defendants do not explain why Connecticut courts would enforce an injunction in this case. Since this Court has personal jurisdiction over Defendants, it can order them to act in any fashion, and any violation of that order would be brought to the attention of this Court. See 11A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2945 (2d ed. 2012).

Defendants' final argument is that under Ohio's choice of law provision this Court would apply the law of the state with the most significant relationship to the occurrence and parties, citing *R.W. Taylor Assocs. v. Gelrad*, LLC, 5:10–cv–256, 2010 WL 3431166 (N.D. Ohio May 14, 2009). *R.W. Taylor Associates*, however, dealt with choice of law in contract disputes. The general rule for tort claims is a presumption toward applying the law of the state in which the injury occurred. See *In re Commercial Money Center, Inc., Equipment Lease Litigation*, 603 F.Supp. 2d 1095, 1105 (N.D. Ohio 2009). The injury occurred in Ohio because the loss was to Safety Today, based in Ohio. *Id.* at *1107. Therefore, this factor cannot weigh in favor of transferring the action to Connecticut.

In conclusion, no factor weighs in favor of transfer, and several factors are neutral. Defendants have not met their burden of showing that Connecticut is a more convenient forum. Accordingly, the Court **DENIES** Defendants' motion to transfer.

### V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss for lack of personal jurisdiction and improper venue and alternative motion to transfer, ECF No. 6.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**