```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Safety Today, Inc.,            :

      Plaintiff,        :

  v.                           :    Case No. 2:12-cv-510

Susan Roy, et al.,             :    JUDGE MICHAEL H. WATSON
                                          Magistrate Judge Kemp
      Defendants.       :


Safety Today, Inc.,            :

      Plaintiff,        :

  v.                           :    Case No. 2:12-cv-929

William C. Rankin,             :    JUDGE JAMES L. GRAHAM
                                          Magistrate Judge Kemp
      Defendant.        :

<u>OPINION AND ORDER</u>

     This is a case in which defendants Susan Roy and Joanne Brady are alleged to have taken confidential information from plaintiff Safety Today, Inc. ("Safety Today"), to benefit their new employer, defendant Safeware, Inc. ("Safeware").  Safety Today claims that Ms. Roy, Ms. Brady, and Safeware (collectively "defendants") violated the Ohio Trade Secrets Act, O.R.C. §1333.61, converted its property, and committed tortious interference with prospective business relations and opportunities.  Safety Today also claims that Ms. Roy and Ms. Brady breached the duties of good faith and loyalty.

     Currently before the Court are a motion to consolidate cases (Doc. #71) and a motion for leave to file counterclaims (Doc. #82) filed by defendants, a motion for a protective order (Doc.

#78) filed by Safeware, and a motion to compel (Doc. #88) filed by Safety Today. The Court will consider these motions in turn.

## I. Motion to Consolidate Cases

Defendants move to consolidate this case with <u>Safety Today, Inc. v. William Rankin</u>, No. 2:12-cv-929, on the grounds that "[t]he cases are nearly identical and share multiple common questions of law and fact." (Doc. #71). Safety Today opposed the motion, primarily due to its view that this case, which was filed first, is further along and could significantly delay resolution of its claims. (Doc. #80). Safety Today also argues that there are disparate factual issues which predominate over the common issues of law. <u>Id.</u> at 2. In response, defendants argue that the distinguishing issues of fact and different procedural stages weigh in favor of consolidation. (Doc. #85).

Consolidation of cases is provided for in Fed. R. Civ. P. 42(a), which states, in pertinent part, that the Court may order consolidation of actions involving "a common question of law or fact...." The underlying purpose of this long-standing rule is to promote economy in the administration of justice. <u>See</u> <u>Feldman v. Hanley</u>, 49 F.R.D. 48, 50 (S.D.N.Y. 1969). Any savings of litigant and judicial resources achieved by consolidation must be balanced against any prejudice to the parties, including potential confusion of the issues, which might result from consolidation. <u>See</u> <u>Arroyo v. Chardon</u>, 90 F.R.D. 603, 605 (D.P.R. 1981). It is not a prerequisite to consolidation that there be a complete identity of legal and factual issues posed in the cases which are the subject of the request. <u>See</u> <u>Thayer v. Shearson, Loeb, Rhoades, Inc.</u>, 99 F.R.D. 522, 523 (W.D.N.Y. 1983). Rather, as long as there are some common questions of either law or fact, the Court has the flexibility under Fed. R. Civ. P. 42 to allow cases to proceed jointly with respect to such matters in which joint proceedings would not be unduly prejudicial and would be an effective

utilization of judicial resources. See Brewer v. Republic Steel Corp., 64 F.R.D. 591, 594 (N.D. Ohio 1974); see also Cantrell v. GAF Corp., 999 F.2d 1007, 1010-11 (6th Cir. 1993).

The Court's broad discretion to consolidate cases involving common questions of law and fact is not limited to ordering consolidation for all purposes. Fed. R. Civ. P. 42(a) "also contemplates consolidation for purposes of particular segments of the litigation, such as pretrial proceedings." Magnavox Co. v. APF Electronics, Inc., 496 F.Supp. 29, 32 (N.D. Ill. 1980). By ordering only a partial consolidation, the Court reserves the ability to assess the status of the cases following the completion of consolidated proceedings and then to determine if a trial on all issues, or only some, would be a more efficient and more appropriate use of the Court's and the parties' resources.

Here, the cases involve common questions of law and fact. More specifically, both cases involve allegations that former Safety Today employees misappropriated Safety Today's confidential information to benefit a new employer, and both cases involve claims that defendants violated the Ohio Trade Secrets Act, O.R.C. §1333.61, converted Safety Today property, committed tortious interference with prospective business relations and opportunities, and breached the duties of good faith and loyalty. It is clear that the cases are related under S.D. Ohio Local Rule 3.1(b), in that they "[c]all for a determination of the same or substantially identical questions of law or fact" and "[w]ould entail a substantial duplication of effort and expense by the Court and the parties if heard by different judges." Further, counsel for defendants is the same in both cases, and it appears that there will be a substantial amount of overlap in discovery and motions practice in each case.

Based on the foregoing, it makes sense to consolidate the cases for discovery purposes as well as for the purposes of motions practice in order to avoid duplicative discovery and the

3

filing of overlapping motions which, in order to be properly considered, should reflect developments in both cases. Whether a single trial might also be the most efficient and least prejudicial way to resolve these cases can be determined once more discovery is completed and the factual and legal similarities or differences in trial evidence can be assessed more completely. Therefore, the Court will grant the motion for consolidation as it relates to all pretrial proceedings. The Clerk of Courts will be directed to file a copy of this order in Safety Today, Inc. v. William Rankin, No. 2:12-cv-929 and reassign that action to the Honorable Michael H. Watson, with the undersigned continuing to serve as the Magistrate Judge in both cases.

## II. Motion for Leave to File Counterclaims

Defendants have filed a motion for leave to file counterclaims, rather than a motion for leave to amend their answer to add the counterclaims. (Doc. #82). A counterclaim is not a stand-alone pleading; rather, "a counterclaim is to be included in a pleading." See Health v. Audatex North Am., Inc., No. 11-2779, 2012 WL 177413, at *3 (E.D. Pa. Jan. 23, 2012) (citing Fed. R. Civ. P. 13(a)&(b) and explaining instances where "[a] pleading must state as a counterclaim" and where "[a] pleading may state as a counterclaim"). Consequently, defendants should have filed a motion for leave to amend their answer to include the counterclaims, as opposed to a motion for leave to file counterclaims. For purposes of efficiency, however, the Court will not require defendants to re-file the motion. Instead, the Court will construe defendants' motion to be filed properly as a motion for leave to amend the answer to add the counterclaims. For the following reasons, the Court will grant the motion.

Defendants seek to add counterclaims for tortious interference with a contract and/or prospective business

4

relations and defamation and/or defamation per se. (Doc. #82, Ex. 2). Safety Today has not filed any opposition to the motion. The basis for defendants' proposed counterclaims is a letter that defendants allege that Safety Today sent to Safeware customers after the preliminary injunction hearing. Id. at 3. The letter states, in pertinent part, that "the Federal Court acknowledged that Sue Roy and Joanne Brady not only took Safety Today's confidential information and trade secrets but used such information to solicit the business of Safety Today customers." Id. According to defendants, the letter "completely misrepresented this Court's Decision – which never concluded that any of the information at issue was either confidential or a trade secret – to Safeware's customers . . . , whom Ms. Roy currently services." Id. Defendants allege that the letter had nothing to do with explaining the case to its customers; rather, they claim that Safety Today "misrepresented the Court's [d]ecision as part of a marketing plan." Id. at 4.

  This Court must first determine whether there is good cause for leave to amend the answer under Fed. R. Civ. P. 16(b) because defendants seek to amend their answer to add the counterclaims after the date established for amending pleadings in the Court's preliminary pretrial order. (Doc. #26). The touchstone of the good cause inquiry under Fed. R. Civ. P. 16(b) is whether the moving party acted diligently in attempting to meet the deadline for amending pleadings. See Deghand v. Wal-Mart Stores, 904 F. Supp. 1218, 1221 (D. Kan. 1995)("The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines.") Further, although the primary focus of the inquiry is upon the moving party's diligence, prejudice to the other side is a factor to be considered. See Inge v. Rock Fin. Corp., 281 F.3d 613, 625-26 (6th Cir. 2002).

  Here, the letter giving rise to the proposed counterclaims

5


is dated October 12, 2012, after the deadline established for amending pleadings.  The record reflects that defendants filed the motion within a reasonable time after learning of the existence of the letter.  Further, Safety Today has not opposed the motion and, given the procedural posture of the case, it will not suffer significant prejudice if amendment is allowed.  Consequently, the Court finds that good cause for leave to amend.

Fed. R. Civ. P. 15(a)(2) states that when a party is required to seek leave of court in order to file an amended pleading, "[t]he court should freely give leave when justice so requires."  The Court of Appeals has spoken extensively on this standard, relying upon the decisions of the Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires."  In Foman, the Supreme Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted.  Foman, 371 U.S. at 182.  In Zenith Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.  Zenith Radio Corp., 401 U.S. at 331.

In this case, as noted above, Safety Today has not opposed defendants' motion, and it will not be significantly prejudiced if defendants are permitted to amend their answer.  That is, given the current posture of this case, the Court is not persuaded that Safety Today will incur significant costs associated with discovery or delay as a result of the proposed counterclaims.  Consequently, defendants' motion for leave will be granted, and defendants are permitted to file an amended

answer consistent with this Court's order.

### III. Discovery Motions

Safeware has filed a "motion for a protective for a protective order to forbid plaintiff's request for entry on land to inspect and image" under Fed. R. Civ. P. 26(c). (Doc. #78). In the motion, Safeware opposes Safety Today's request to inspect and image the following items:

1. All computers, hard drives, servers, electronic storage devices, and media, whether hand-held, laptop, or desktop, smart phones, external hard drives, Zip drives, floppy disks, DVDs, USB devices, or other drives or electronic media storage devices in your possession, custody, or control upon which any of Safety Today's information currently resides and/or may have resided in the past;

2. The hard drives of any computers within Safeware's possession, custody, or control used by any of Ed Simmons, Ed Arthur, Susan Roy, Sean Roth, Beth Sandberg, and Jodi Wright from April 1, 2012 to the present;

3. The hard drives of any mail servers and file servers within Safeware's possession, custody, or control that have been in use at any time between April 1, 2012 and present.

Id. at 2 (quoting Pl.'s First Request to Def. Safeware, Inc. To Permit Entry Onto Land for Inspection and Other Purposes, Ex. A). Safeware requests a protective order forbidding defendants' request for three reasons:

> First, it has no basis in fact. Second, the oppressive and unduly burdensome request is aimed solely to burden and annoy its competitor. Third, it fails all three Rule 26(b)(2)(c) prohibitions because (i) it is unreasonably cumulative, (ii) there is no factual support for it despite ample opportunity for discovery, and (iii) the burden and expense outweigh the likely benefit.

Id. at 5. According to Safeware, its "counsel assured Plaintiff that everything Defendants Roy and Brady took with them has been

7

sequestered, and that it would destroy any remaining information in Safeware's possession." Consequently, Safeware maintains that it is entitled to a protective order and Safety Today's discovery request should be denied. Id. at 8.

In response, Safety Today filed a memorandum in opposition to the motion for a protective order and a cross-motion to compel Safeware "to permit entry onto land for inspection and other purposes." (Doc. #87). Safety Today argues that it is "not obligated to provide 'evidence' of Safeware's use of [its] information prior to being permitted to conduct discovery." Id. at 4. According to Safety Today, "it is through the [r]equest and discovery process itself that Safety Today seeks to learn the extent to which Safeware is in possession of and/or is using Safety Today's information." Id. Safety Today maintains that its request is neither oppressive nor unduly burdensome. It further explains that it "does not seek to disrupt Safeware's business but instead seeks only to image the [d]evices, which would permit Safeware to continue to operate its business as usual." Id.

Safeware filed a reply brief in support of its motion for a protective order. (Doc. #97). In its reply, Safeware argues that "a bare allegation that Safeware is using Plaintiff's information– which has been repeatedly contradicted through discovery– cannot justify Plaintiff's requests." Id. at 1. Further, Safeware maintains that Safety Today's request is broad enough that, if granted, "would provide unrestricted access for [Safety Today] to inspect and copy everything from its direct competitor." Id. Thus, Safeware urges the Court to grant its motion for a protective order.

This Court has substantial discretion to issue protective orders pursuant to Fed. R. Civ. P. 26(c), which states that, "[t]he court may, for good cause, issue an order to protect a

8

party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." The incorporation of the concept of "good cause" implies that a flexible approach may be taken, depending on the nature of the interests sought to be protected and the interests that the protective order would infringe. See Hines v. Wilkinson, 163 F.R.D. 262, 266 (S.D. Ohio 1995). The burden of establishing good cause for a protective order rests with the party seeking the protection. See Nix v. Sword, 11 Fed. Appx. 498, 500 (6th Cir. 2001).

In this case, the Court finds that good cause exists to compel the discovery requested under Fed. R. Civ. P. 37 and issue a protective order under Fed. R. Civ. P. 26 limiting the disclosure of information obtained to "attorneys' eyes only." The record reflects that Safety Today and Safeware are business competitors, and Safeware has suggested that the requested discovery could result in Safety Today's obtaining information which may affect its competitive position in the marketplace. (Doc. #97 at 1). A protective order which designates the information obtained as "attorneys' eyes only" constitutes a practical and cost-effective way to protect Safeware's interest in sensitive information from Safety Today, its competitor, while complying with Safeware's obligations for discovery. See Layne Christiansen Co. v. Purolite Co., 271 F.R.D, 240, 247 (D. Kan. 2010); see also Netquote, Inc. v. Byrd, No. 07-cv-630, 2007 WL 2438947, at *4 (D. Colo. Aug. 23, 2007) (finding attorneys' eyes only protections warranted where parties were in direct competition). Consistent with the Court's finding that good cause exists for the discovery, it disagrees with Safeware's position that Safety Today's request is merely a pretense for engaging in sensitive or burdensome discovery. Consequently, the Court will grant in part and deny in part the motion for a protective order (Doc. #78) and grant the motion compel (Doc.

9

#88).  Finally, as per the parties' agreed upon request, the discovery cut-off is extended until September 1, 2013 and the dispositive motion deadline is extended until October 1, 2013.

### IV. Conclusion

For the reasons set forth above, defendants' motion to consolidate this case with Safety Today, Inc. v. William Rankin, No. 2:12-cv-929 is granted (Doc. #71).  The Clerk of Courts is directed to filed a copy of this order in Safety Today, Inc. v. William Rankin, No. 2:12-cv-929 and to reassign that action to the Honorable Michael H. Watson, with the undersigned continuing to serve as the Magistrate Judge in both cases.  The motion for leave to file counterclaims is likewise granted (Doc. #82), and defendants are permitted to file an amended answer consistent with this Court's order.  The motion for a protective order is granted in part and denied in part (Doc. #78) and the motion to compel is granted (Doc. #88).  Disclosure of the information requested shall be limited to "attorneys' eyes only."  Finally, as per the parties' agreed upon request, the discovery cut-off is extended until September 1, 2013 and the dispositive motion deadline is extended until October 1, 2013.  The deadlines are likewise extended to September 1, 2013 and October 1, 2013 respectively in Safety Today, Inc. v. William Rankin, No. 2:12-cv-929, given that the cases are consolidated for discovery purposes as well as for the purposes of motions practice.

### V. Procedure for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and

replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge