IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Safety Today, Inc.,            :

    Plaintiff,              :       Case No. 2:12-cv-510

  v.                            :       JUDGE MICHAEL H. WATSON

Susan Roy, et al.,             :       Magistrate Judge Kemp

    Defendants.             :

OPINION AND ORDER

    The nature and history of this case has been set forth at length in other orders of the Court and need not be repeated here.  It suffices to say, for purposes of this Opinion and Order, that plaintiff Safety Today, which is the former employer of defendants Susan Roy, Joanne Brady, and William C. Rankin, claims that these individuals took Safety Today's trade secrets with them to a competitor, Safeware, and used them to Safety Today's disadvantage.

    The case is in the later stages of discovery, and certain depositions are set for later this month.  In preparation for that event, Defendants served a set of interrogatories asking Safety Today to identify, with specificity, the trade secrets it claims to have been misappropriated and used.  Dissatisfied with the responses they received, Defendants arranged for an informal discovery conference with the Court in an effort to force Safety Today to be more specific.  The Court, not having before it at that time the interrogatories, the responses, or documents to which Safety Today had referred in its answers, gave the parties two options: to come to an agreement through which Safety Today

would provide more specific responses, or to brief the matter. Having now received briefs, it is evident which choice was made. For the following reasons, the Court will direct Safety Today to supplement its interrogatory answers as requested by Defendants.

The Court begins with a short review of the interrogatories in question. Interrogatory One of the set served on December 23, 2013, asks Safety Today to identify "with precision and specificity each alleged Safety Today trade secret" that Defendants used or misappropriated. The interrogatory discouraged reference to "voluminous documents" and requested a "specific description of each alleged trade secret ... on an individual basis ...." Other interrogatories called for Safety Today to identify which person allegedly used or misappropriated each of the trade secrets at issue, to describe the documents containing evidence of that activity, to explain the efforts which Safety Today had made to maintain the information in confidence, and to list the customers or business it lost as a result of the alleged misappropriation.

Safety Today's answer to Interrogatory One begins with an objection, followed by this response: "the answer to this interrogatory may be determined by examining, auditing, abstracting, or summarizing certain of Safety Today's business records, and the burden of deriving or ascertaining the answer would be substantially the same for Safety Today and Safeware." It produced four folders of records as part of its answer, one for each defendant, which contained the documents to which it had made reference. Although the documents total thousands of pages, Safety Today argues in its memorandum that its trade secrets are "easily identified' within the documents. It generally describes the information as "pricing, cost, inventory, profit, sales, and other proprietary information" and claims that by identifying all of the documents that its ex-employees took with them and shared

with Safeware, it has fully responded to the interrogatories. It also argues that to the extent Safeware's counsel cannot determine what portion of the documents contain trade secrets, because the other defendants are the ones who misappropriated the secrets and are familiar with the documents, they can provide that explanation.  It also asserts that the trade secrets are found in only 46 non-duplicate documents, and that Defendants are simply (and improperly) attempting to shift the burden of extracting the information from the documents to Safety Today. Its responses to other interrogatories are similar; in no instance did Safety Today provide any narrative answers.

The primary point made in the Defendants' memorandum is that responding to contention interrogatories simply by producing documents is not an acceptable procedure.  According to Defendants, documents do not contain contentions, but merely information.  As a secondary argument, however, Defendants have provided samples of some of the documents produced, and note that given the large and sometimes seemingly random bits of information found in these documents, it cannot be the case (as Safety Today represented during the informal conference) that every piece of information in each document is a trade secret, nor do the documents speak for themselves as to what, exactly, Safety Today is claiming.  Defendants cite numerous cases in support of their position; Safety Today cites few cases other than the ones relied on by Defendants, but argues that the case law upon which Defendants rely supports only the proposition that, in those cases, a Rule 33(d) response to contention interrogatories was inadequate, but that it is an appropriate response to contention interrogatories under the proper circumstances.

The Court begins its discussion of the law with the case cited by Safety Today, <u>Field Turf USA, Inc. v. Sports Constr.</u>

-3-

Group, LLC, 2007 WL 4412855 (N.D. Ohio Dec, 12, 2007)(Safety Today provided a Lexis citation for this case, 2007 U.S. Dist. LEXIS 91328, but this case actually appears at 2007 U.S. Dist. LEXIS 91238).  According to Safety Today, the case stands for the proposition that it is sometimes acceptable to respond to a contention interrogatory by producing documents.  Safety Today has quoted the opinion accurately, but the quoted language is complete *dictum*.  The responding party in that case did not rely on Rule 33(d) but provided narrative responses, prompting the court to observe that "[w]hile a party may choose to respond to an interrogatory by way of producing or identifying responsive document, Fed.R.Civ.P. 33(d), such a response is not compelled by the rules."  Id. at *8.  Consequently, the court was not presented with the situation which exists in this case, and, in any event, it is not clear that Judge Gaughan had identified the interrogatories as contention interrogatories.  Although a review of the motion to compel, filed in Case No. 1:06-cv-02624-PAG as Doc. 70, shows that one of the two interrogatories (Interrogatory 9) was a contention interrogatory, the other simply asked for facts underlying the plaintiff's claim, and the court's decision characterized both as "seeking the facts underlying plaintiffs' infringement allegations."  Id.   For these reasons, the Field Turf decision provides no support for Safety Today's position.

Defendants, in footnote 8 of their memorandum (Doc. 183), cite four cases which, they say, hold that "using Rule 33(d) to respond to contention interrogatories is prohibited."  Id. at 5.  Safety Today is correct that none of these cases actually appears to hold that a Rule 33(d) response to a contention interrogatory is never acceptable, although several of the cases espouse a rule that such a response is not well-suited to questions "which require the exercise of particular judgment on the part of the responding party."  See United Oil Co. v. Parts Associates, Inc.,

-4-

227 F.R.D. 404, 419 (D. Md. 2005).  They also hold that, for that type of question, one of the prerequisites for answering under Rule 33(d) - that the burden of deriving the answers from the documents is substantially the same for both parties - is not usually satisfied, because it is substantially more burdensome for a defendant to guess at what the plaintiff is contending than to have the plaintiff explain it.  And one of them, U.S.S.E.C. v. Elfindepan, S.A., 206 F.R.D. 574, 577 n.5 (M.D.N.C. 2002), states, as an alternative holding, that "Rule 33(d) may not be used as a substitute for answering such interrogatories. Only plaintiff can identify its own contentions and the burden on defendants to try and divine plaintiff's contentions from documents obviously imposes a greatly unequal burden on defendants."

     As a general rule, this Court finds that statement to be logical and persuasive.  There may be some cases where the precise contours of a party's contentions can be found in that party's business records just as easily by the opposing party - for example, where a party has done a detailed damage calculation already and chooses to produce a document with the calculations rather than making a narrative response.  The Court can even envision such a scenario in a trade secret case, where, for example, an entire drawing or chemical formula - like the formula for Coca-Cola - is the trade secret, and the document containing the formula fully answers the question of what information the plaintiff claims is both kept secret and deserving of protection (although it might not answer questions such as how the plaintiff claims it was used or what business the plaintiff lost as a result).  But such cases would appear to be rare; rather, the typical case involving trade secret claims and former employees is that some measure of the information those employees learned while working for the plaintiff is regarded by their employer as

-5-

a trade secret, and that "secret" is usually a combination of things like pricing, customer lists, customer purchasing needs or habits, product specifications, and other information used in the day-to-day business of selling products in a competitive market. Only the employer will know what portion of that myriad of information known to its employees can legitimately be claimed as a trade secret, and no amount of record production - which, by rule, is to be a production of the producing party's business records, but which, in this case, appears to consist of documents which Defendants previously produced in discovery - can provide the appropriate answer to the question.

What appears to have compounded the problem in this case is that Safety Today has not, as yet, made any specific designation of information it regards as its trade secrets.  Its assertion that everything in the 3500 pages of documents it produced is a trade secret is simply not borne out by the documents themselves, or at least the portions which the Court has reviewed.  Rather, that assertion appears to be another way in which Safety Today is attempting to avoid answering the question of what information taken by defendants and revealed to Safeware is actually something for which Safety Today claims trade secret protection. As Defendants point out, there are some jurisdictions in which, either by statute or by court practice, discovery cannot begin in a trade secret case until the plaintiff identifies the alleged trade secrets with specificity. See, e.g., Computer Economics, Inc. v. Gartner Group, Inc., 50 F.Supp. 2d 980 (S.D. Cal. 1999). The purpose of such rules is, among other things, to permit the court to determine (if it is asked to do so) the proper scope of discovery.  Generally, whenever a party asserting a trade secret claim is asked to identify the information for which it seeks protection, the "identification must be particular enough as to separate the trade secret from matters of general knowledge in

-6-

the trade or of special knowledge of persons skilled in the trade." Dow Chemical Canada Inc. v. HRD Corp., 909 F.Supp.2d 340, 346 (D. Del. 2012).  As another court has said, "specificity is required before the court so that the defendant can defend himself adequately against claims of trade secret misappropriation, and can divine the line between secret and non-secret information, and so that a jury can render a verdict based on a discriminating analysis of the evidence of disclosure and misappropriation." Sit-Up Ltd. v. IAC/InterActiveCorp., 2008 WL 463884,*11 (S.D.N.Y. Feb. 20, 2008).  "The burden is upon the plaintiff to specify those charges, not upon the defendant to guess at what they are." Xerox Corp. v. International Business Machines Corp., 64 F.R.D. 367, 371 (S.D.N.Y. 1974).

The Court's review of Safety Today's initial responses to interrogatories, where it identified its trade secrets by broad category, but which it contends are detailed enough to make the more recent set of interrogatories largely superfluous, shows that Safety Today has not followed this general rule.  A reasonable person would, after reviewing both sets of responses, still be unable to divine what parts of the business information taken by the individual defendants fell within Safety Today's definition of its trade secrets, and would, as Defendants contend, be handicapped in the ability to prepare a defense to this case.  To this point, based on the record before the Court, Safety Today "has been both too vague and too inclusive, effectively asserting that all information in or about its [business] is a trade secret," see IDX Systems Corp. v. Epic Systems Corp., 285 F.3d 581, 583 (7th Cir. 2002), a claim which is "not plausible." Id.

It is not too much to ask a trade secret plaintiff to explain exactly what information it contends is protected from unwanted disclosure.  In some cases, if much information is

involved, that will require some effort, but that is a function of the breadth of the plaintiff's claims; the broader it seeks to extend trade secret protection, the more information it may have to disclose.  In any event, prior to trial, that type of collation and identification of information will be necessary in order for the jury to understand the claims and properly interpret the evidence, and if a summary judgment motion challenging the existence of trade secrets is filed, a plaintiff has a similar burden of explaining its claims in a way that the Court can compare them to the statutory requirements for affording trade secret protection.  Given this framework, it is somewhat difficult to understand Safety Today's reluctance to state clearly its legal position and to attempt to shift that responsibility to the Defendants.

Much of this discussion has centered around those interrogatories which ask for more elucidation of the trade secret claim.  It applies equally, however, to the remaining contention interrogatories.  The Court finds that Defendants have met their burden of showing, initially, that referring them to documents for the answers is inadequate, and that Safety Today has not met its burden of demonstrating that it would be just as easy (and as accurate) for Defendants to parse the documentary evidence as it would be for Safety Today to do so.  This certainly applies to the issue of damages as well; even though Safety Today claims to have produced spreadsheets with damage figures on them, they appear not to contain damage calculations as such, but simply raw numbers which could be used in some way to support a damage theory. Again, explaining how it has calculated its monetary losses and providing backup documentation for that calculation is a burden which the plaintiff ordinarily bears, especially when that calculation appears to be dependent on which customers or orders Safety Today claims to have lost as

a result of the Defendants' alleged misconduct.

For all these reasons, the Court finds Safety Today's answers to the interrogatories in question to be inadequate. Within seven business days of the date of this order, Safety Today shall provide supplemental response, in narrative form, answering the interrogatories served upon it by Defendants on December 23, 2013.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge